JOHN W. MCKISSICK AND ANOTHER v. LUDOVIC COLQUHOUN.

Where it was admitted that A acted as Judge in 1835, and a deed was produced which purported to have been made before him as second Judge of the first instance in that year, with two instrumental and two assisting witnesses, it was held that there was at least a presumption of the authority of the officer, although it was not expressly stated that he acted in the absence, &c., of a Notary.

Quere, whether the Commissioner, Notary, or other officer, signing the certificate of a testimonio, is the signer whose signature was required to be proved under the 35th Section of the Act of December 20th, 1836, to entitle a testimonio to be placed upon record.

Where the person before whom as second Judge of the first instance, with two instrumental and two assisting witnesses, a deed had been made in 1835, appeared before the Clerk of the County Court, of the county where the land lay, and acknowledged his own signature, and made oath to the signature of the grantor, it was held that the deed was duly authenticated for record.

There was no error in hearing evidence as to the extent of the county of Milam in 1839, and in instructing the jury that it extended up the Brazos river to the head of the same.

Where a deed has been properly recorded in the county in which the land lies, it is not required by the registry laws, that such deed should be again recorded in a new or other county, into which the territory may be erected or to which it may be attached.

Where a title was issued to a woman as the head of a family in 1835, and was same year conveyed by her, and was afterwards again conveyed by her, in a controversy between the purchasers, it being objected to the first conveyance, that the grantor was then a married woman and her title did not pass by the conveyance, the Court said the evidence was not clear whether she was married or not, but admitting that she was, yet after the lapse of eighteen or nineteen years, her husband's acquiescence must be presumed. At the date of the conveyance the law did not require his assent to appear in the deed, and he is not now claiming the land.

The sale by a colonist, of lands received by him, to the Commissioner of the Colony is not *per se* fraudulent and void.

Appeal from McLennan. Tried below before the Hon. R. E. B. Baylor.

The second Judge of the first instance did not profess to act in the absence of a notary, except that he referred to "those of my assistance, with whom I authenticate, in conformity with the law." The conveyance was signed Sarah Hensley, her mark, with a cross. It had two certificates of authentication as follows :

REPUBLIC OF TEXAS, ⎰ I, Thomas S. Lane, Clerk *pro tem.*
*Washington County.* ⎱ Washington County Court, do hereby certify that the above signature of J. G. W. Pierson, was duly proved according to law before me, the 11th day of June, 1838.

In witness whereof I hereunto sign my name and affix my

private seal, having no seal of office, at office in the town of Washington, the day and date above written.

Signed,

[L. S.]                    THOMAS S. LANE, Clk. *pro tem.*

W. C. Ct.

REPUBLIC OF TEXAS, ⎫    Before me, W. D. Thompson, Clerk
    *County of Milam.* ⎬ of the County Court and County Re-
corder, in and for the County aforesaid, J. G. W. Pierson, whose signature appears to the foregoing instrument, personally appeared at my office, and acknowledged his signature to the same, also made oath in due form of law to the signature of the signer, Mary Hensley, and the same duly recorded in my office, at Nashville, same date, Book O, pages 111, 112, and 113.

In witness whereof I hereunto set my hand and private seal, having no seal of office, this 3d day of April, 1839.

[L. S.]                    W. D. THOMPSON, Co. Recorder.

A witness for plaintiff proved that in 1839 Milam County extended up the Brazos to its head ; and the Court instructed the jury to that effect.   The other facts are stated in the opinion.

*Hamilton & Chandler,* for appellants.

*Harrison* and *Earle,* for appellee.

HEMPHILL, CH. J.   This is a suit for a league of land in the county of Bosque.

The land was originally granted to Sarah Hensley, as a colonist in Robertson's Colony, by deed dated July 5th, 1835. She conveyed to Wm. H. Steele October 5th, 1835, and he to Ludovic Colquhoun, the appellee, (who was plaintiff below) on the 3d April, 1839.   The defendants also claim by mesne conveyance from Sarah Hensley, under the name of Sarah Fisher, viz : by conveyance from the said Sarah to Philip Howard,

dated April 25th, 1854.   Howard subsequently conveyed to
the defendant Scales ; and the defendant McKissick is a tenant
of Scales.

The first assignment is, that the Court erred in admitting in
evidence the deed from Sarah Hensley to Wm. H. Steele, be-
cause the same was not proven or authenticated according to
law.   The deed was executed before J. G. W. Pierson as
second Judge of the first instance, and was signed by the vendor,
Sarah Hensley, by Pierson as Judge, and by two instrumental
and two assisting witnesses.   The *protocol* and not the *testi-
monio* appears to have been given to the vendee to serve him
as evidence of his title.   It was admitted that Pierson acted
as Judge in 1835, and this raises at least presumption of his
authority.   The signature of a Judge, Alcalde, &c., acting in
place of a Notary, authenticated by two assisting witnesses,
has all the force and effect of the signature and seal or rubric
of a Notary ; consequently the deed was one which would
have been recognized under the laws at the time it was execu-
ted, as a public instrument which required no proof of its exe-
cution when offered in evidence.   (*Rones, Instrumento.*)   But
by Act of December 20th, 1836, all deeds of land &c., were re-
quired to be recorded.   The provisions of this law, and their
obscurity and uncertainty, have been the subject of comment
in previous cases.   (Paschal v. Perez, 7 Tex. R. 357.)   In the
thirty-fifth Section the law contemplates proof or acknowledg-
ment of the signature of the signer.   In Section thirty-eight,
proof, in some contingencies, of the signature of a single witness
would be sufficient.   No question was made as to the certifi-
cate of Lane, the *pro tem.* Clerk of Washington County.   Had
the instrument been a *testimonio*, and had proof been made of
the signature of Pierson certifying as Judge to the correctness
of the copy or testimonio, it might become a very serious ques-
tion whether he was not the signer whose signature was re-
quired to be proven under the thirty-fifth Section of the Stat-
ute.   But that question does not arise in this case.   The origi-

nal or protocol was adduced, and this was signed as well by
the vendor as by the Judge before whom it was passed.    The
certificate of the Clerk of Milam County, in whose office the
deed was recorded, shows that Pierson appeared before him
and acknowledged his own signature and also proved the sig-
nature of the signer, Sarah Hensley (written, by mistake it is
presumed, Mary Hensley.)    We have heretofore held (Paschal
v. Perez, 7 Tex. R. 358,) that it was not requisite in all cases,
that the proof of an instrument for record should be made by
a subscribing witness.    But admitting that this deed should
have been proven by subscribing witnesses, can it be imagined
for a moment, that in contemplation and in the spirit of the
Registry Laws, the Judge who by law was required to know
the contracting parties, either personally or by proof, to re-
duce their contract to writing, and read it to the parties and
their witnesses, and after the signature of the parties, to give
authenticity to the instrument by his own signature, with the
witnesses of his assistance (*Rones, Instrumento*) can it be im-
agined, I say, that the Judge, under such circumstances, is not
a subscribing witness ?    A subscribing witness may know
nothing more of the transaction but the signature of the maker.
The law requires evidence of no other facts.    The Judge signed
the instrument, and thus attested the fact of the signature of
the maker, and he is not the less a subscribing witness because
his signature not only attested such fact, but, under the laws
then existing, gave the act a force and effect in evidence, which
could not be imparted to it by the signature of a merely pri-
vate witness.    There are four witnesses to the act, two instru-
mental and two of assistance.    These must have different offices.
Those of assistance are to give to the signature and seal of a
Judge (who acts in the place of the Notary) the force and effect
which the signature and seal of the Notary would have with-
out witnesses.    Their office was thus to attest rather the sig-
nature of the Judge, than that of a party to the contract ; yet
their evidence in proof of the signature of the maker would be

McKissick v. Colquhoun.

sufficient to admit the instrument to record. Much more would the evidence of the Judge be competent, who declares in the act itself, that the vendor signed the same before him. The deed was sufficiently authenticated, and there was no error in admitting it in evidence.

No other point has been argued by counsel for appellant. He charges generally, that the instructions given were erroneous, and that there was error in refusing charges asked by appellant. This arraignment is not sufficiently specific to require a minute examination of the instructions given or refused. We will however briefly consider some of the most important. There was no error in the instruction as to the extent of the County of Milam at the date of the record of the deed from Sarah Hensley to Steele and from Steele to Colquhoun. This was proven by a witness, the objections of the defendant being, and we think properly, overruled. The boundaries of the county may not have been defined by Statute. There is no evidence or suggestion that they were. The presumtion is that they were not, otherwise resort would not have been had to the testimony of witnesses. But the fact that Bosque County, or a portion of it at least, lay within the former county of Milam, must have been judicially known to the Court which had held its sessions for several years in the county before either Bosque or other counties had been taken from its territory. It would not be attributing any great degree of knowledge to the Court, to suppose it aware of the fact that Milam formerly extended up the Brazos quite beyond the section where this land was situated. There was no error in receiving the evidence or charging as to the extent of the county.

The fourth charge given, was to the effect, that it was not necessary that a deed properly recorded in the county in which the land lies, should be again recorded if the territory be afterwards attached to another county. We are not apprised of any Statute which would require an owner of land, having his deed properly registered in the county where the land lies, to

have his conveyance again recorded as often as by subdivisions and changes the land may fall into a new or different county. Very prudent men may use such precautions. But it is not necessary for the protection of their rights, the first registry being amply sufficient.

There are instructions to the effect, that even if Sarah Hensley were a married woman at the time of her conveyance to Steele, yet this passed the title, if it were made with the assent of her husband, and this assent, from the great lapse of time, must be presumed. The husband of the grantee (if she ever had a lawful husband) appears from the first to the last of these transactions to be more of shadow than of substance. The grant is made to Sarah Hensley. She sells to Steele in 1835, and again under the name of Fisher, she sells to Howard in 1854. declaring the land to have been granted to her as the head of a family. A step-son testifies that she has been known and called by the name of Sarah Fisher since 1850, thus raising the presumption that before that time she was not called by that name. Another witness, Barron, testifies that she was called Fisher at the time she visited the Land Office of Robertson's Colony in 1835 ; that he understood from public rumor, that she was then the wife of Fisher ; thinks Fisher was with her, but does not remember certainly. This evidence, at best, is but mere rumor and furnishes but very meagre grounds on which to claim that the grantee was disabled by coverture from making a valid sale of the property. But were it admitted that she was the lawful wife of Fisher in 1835, yet after the lapse of eighteen or nineteen years, his acquiesence in the sale to Steele must be presumed. The land was either the separate property of the grantee or it was a portion of the community between her and her husband. In either event, it was not absolutely necessary under the laws in force at the time of the first sale, that his assent should appear on the face of the deed. (Harvey v. Hill, 7 Tex. R. 591.) The husband is not now claiming the land. The wife, in fraud

of her previous sale and regardless of its obligations, claims the land and disposes of it again as if she had full right, invoking the aid of the law to support a transaction which is strongly marked with features of injustice and wrong. In support of the title of the first purchaser, and to defeat the wrong, the perpetration of which has been attempted, the presumption of assent arising in ordinary cases from lapse of time, would, under the circumstances, have additional force and strength.

The other points in the case are not believed to require notice. The sale by a colonist of lands received by him, to the Commissioner of the Colony, is not *per se* fraudulent and void.

There is no error and the judgment is affirmed.

Judgment affirmed.