WILLIAM W. FRIZZELL ET AL. v. ALBERT S. JOHNSON.

Where objections to deeds were general, and no particular objection was specified in the bill of exceptions, nor in the assignment of errors, this court will not notice the objection. The same rule applies to objections to depositions.

The case of Rose v. Newman, 26 Tex., 131, overruled Miller v. Thatcher, 9 Tex., 486; and it is now held, that a deputy county clerk has the right to take acknowledgments and register deeds. (Paschal's Dig., Art. 491, Note 336.)

Where a deed has been registered in the proper county, and the land is afterwards cut off into a new county, there is no necessity of registration in the new county, as has been ruled in McKissick v. Colquhoun, 18 Tex., 153. (Paschal's Dig., Note 316.)

Where a party moved for a new trial, on the ground of newly-discovered evidence, and relied upon affidavits, the fact that these affidavits were brought to the consideration of the court must appear by bill of exceptions or statement of facts. (Paschal's Dig., Art. 1581, Note 613.)

A motion for a new trial, on the ground of newly-discovered evidence, must show that the evidence came to his knowledge since the trial, that due diligence was used, and that it is not cumulative, and will probably change the result. (Paschal's Dig., Art. 1470, Note 566.)

APPEAL from Rusk. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

This suit was brought to recover a league of land. Both parties claimed under the same title. But the defendants claimed that, after Johnson's purchase from the ancestor, they had purchased half the league of land from the heirs of the ancestor without notice. In the view taken by the court, it is hardly necessary to give the details of a record which so obscurely presents the points claimed by counsel to have been decided.

The plaintiff brought an action of trespass to try title, to recover of appellant and others a league of land in Cherokee county, granted to one Juan Nicholas Boden in 1835. The petition is in the usual form. Appellant answered, filed general exception, general denial, not guilty, and statute of limitation of three years.

On the trial, appellee read in evidence the grant to Boden and translated copy, (all parties claiming under this;) certificate of payment of government dues; deed from Boden to Pollett & Thorn, and translation of same; copy from record of Nacogdoches county of sale from Boden to Pollett & Thorn, and translated copy of same to same; deed from F. and Susan Thorn to appellee, to the reading of which appellee objected, and, the objection being overruled, excepted. The ground of objection was not stated.

Appellee next read depositions of Edwards, R. Hotchkiss, Irion, Holmes, and Hunter. The answers of Edwards prove execution of the deeds under which appellee claims from Boden to Pollett & Thorn, and from Pollett to Thorn, and Thorn and wife to appellee. R. Hotchkiss' evidence was in effect the same as Edwards'. Holmes and Hunter gave copies of deeds from clerk's office of Nacogdoches

county.   There was a deposition of Edwards, proving the deed from F. Thorn and wife to appellee.

Appellant read deeds from J. P. and J. B. Boden to appellant, and deed from J. P., J. B., and Moriah Boden to W. C. Daniel and Jesse Duren.

Peter Boden testified, by deposition, that he was the brother of Nicholas Boden; that Nicholas was never married, and died without children; that witness and Batiste Boden are the surviving brother and sister, and heirs of Nicholas Boden, and that they had sold their interest in the land in controversy to appellant.

*U. Priest*, for appellant.—Whatever the title-papers of plaintiff may be denominated, whether testimonios, authentic acts, or notarial acts, it was his duty to record them in the proper county, and without such record subsequent creditors and purchasers, without notice, for a valuable consideration, will be protected.   (O. & W. Dig., Arts. 1150, 1724, 1726;  Guilbeau v. Mays, 15 Tex., 410;  1 Story's Eq., § 404;  4 Kent Com., 174, 175.)

A registration, in order to be notice to third parties, must be in the right place and in conformity to law, and authentication for record must be by an officer authorized by law, or the record is a nullity—no notice.   R. Parmalee, as deputy clerk, was not such an officer, and before his acts were legalized by law, defendant had purchased the land, and unaffected by notice.   (11 Tex., 89; 15 Tex., 443; O. & W. Dig., Arts. 1714 to 1726.)

The copies used in evidence were clearly inadmissible, not being certified by the officer having the legal custody of the originals; the originals being private papers, to which individuals themselves had the right.   (9 Tex., 91, 92,)

It is in proof that the grantee died about twelve years before the trial, and that defendant's vendors are his brothers, and the proof is conflicting whether he was a married man, or only lived with a concubine.   Be that as it may,

xxx.—3

his brothers had rights, as his heirs, which they conveyed to defendant for value. If we consider that he died under the old law, his brothers inherited in exclusion of his wife, if he had one; if under the law of March 18, 1848, then his brothers and sisters are entitled to one-half of his land, and this interest, at least, they conveyed by their deed to defendant. (O. & W. Dig., Art. 347.)

Defendant's title is dated April 29, 1853, and it was recorded May 31, 1853, in the proper county, before plaintiff had any record. And it is in proof, by witness Hill, that defendant took possession of the land in 1853, by his tenant, Shorald. This suit was brought February 8, 1858, something over four years after defendant took possession under deed duly recorded. This would certainly constitute a good bar, under the statute of three years, if defendant had proved a continuous possession. (O. & W. Dig., Art. 1328; 10 Tex., 382.)

*Donley & Anderson*, for appellee, argued the facts fully.

SMITH, J.—The defendant below objected to the introduction in evidence of the title papers of the plaintiff, without indicating any special grounds affecting either of the deeds in form or its legal effect; this objection is overruled, and it is assigned as error. If there be any defect of form, or in the legal effect of either of the deeds offered in evidence, that defect should have been specified, in order that the court might advisedly pass upon it, and the party have an opportunity of removing it if he could; this not having been done, and the particular error of the court not being pointed out, we see no reason to complain of the courts overruling the objection.

The second assignment of error is obnoxious to the same objections. The defendant does not appear to have specified any grounds of objection to the reading of the depositions in evidence. The particular ground of objection

should have been set forth, and, this not having been done, the exception was properly overruled.

Johnson shows a consecutive chain of transfer to the land in suit, beginning with a conveyance from the grantee of the government, Juan N. Boden, to Pollett & Thorn, dated October 20, 1835. The defendant, in 1853, obtained a conveyance to one-half of the league from the alleged heirs of said Boden, then deceased, and claims to be a purchaser for value paid, and without any notice of the former transfer of the title by said Boden to Pollett & Thorn. There is no evidence in the record of this cause that the defendant did have any knowledge or notice, in fact, of the transfer from Boden. But the conveyance from him was proved by the assisting witness, E. Albarado, before the deputy clerk of the county court of Nacogdoches county, authenticated and recorded by him in his office on the 21st March, 1838. The land then lay in that county. There are no special grounds urged against the regularity of this registration, or reason shown why it did not operate as notice to the defendant at the date of his purchase in 1853. It may have been contended, as intimated in the case of Miller v. Thatcher, 9 Tex., 486, that the deputy clerk had no authority to authenticate the conveyance for record; but that suggestion has been overruled since, in the case of Rose v. Newman, Austin T., 1861, [26 Tex., 131,] and it was held, that the deputy clerk had the same power to take the proof of, authenticate, and record a deed at that date as the clerk himself.

Cherokee county, in which the land is now situated, was formed by act of April 11, 1846, and it may have been supposed that it was necessary to register the conveyance from Boden to Pollett & Thorn in that county. The contrary, however, has been settled by this court in the case of McKissick v. Colquhoun, 18 Tex., 153, 154.

The defendant's plea of three years' limitation was not sustained by evidence of more than one year's possession

of the premises, and it is not insisted that less than three years of continuous and adverse possession in person, by tenant or agent, will sustain the plea. The defendant contends, however, that his motion for a new trial should have been sustained upon the ground of newly-discovered evidence of the fact of a continuous adverse possession of the premises for three years before the institution of this suit by the defendant and those claiming under him, to wit, Shields, Murray, and wife. If it be admitted that the defendant had such a title or consecutive chain of transfer from the sovereignty of the soil, as is defined in the three years' statute of limitation, and that the witness Duren would have established the three years' possession, it does not appear that the affidavits of the defendant or the witness Duren were read to or considered by the court on the motion for a new trial. This should be made to appear by bill of exceptions or statement of facts, for otherwise this court cannot know upon what evidence the district judge based his ruling upon such a motion for a new trial.

On motion for a new trial on account of newly-discovered evidence, the party making it must make it appear, first, that the evidence came to his knowledge since the trial; second, that it was not from want of due diligence on his part that it was not sooner obtained; third, that it is not cumulative, and will probably change the result upon a new trial. (4 Tex., 319; 19 Tex., 101; 4 How., 76; 21 How., 171.)

If the defendant had held the possession of the premises for three years by himself and tenants, we must presume that the fact was fully known to him before the trial, and, with proper diligence, he could have proved it by his tenants or others in the neighborhood of the land, and there is no reason shown why these tenants were not consulted and had at the trial. They are not shown to be dead or absent from the State. The defendant does not state in his affidavit that the facts he expects to prove by the wit-

ness Duren are true, but that he is informed by Duren that he will thus testify, and that he knows of no other living witness by whom he can prove these facts, communicated to him by the witness after the trial.

In answer to this it might be urged, that the tenants, perhaps, would not, nor would any other in the neighborhood, thus testify, nor has he himself; and hence, he could with safety state that this is the only witness by whom he can prove the continuous adverse possession. However, be that as it may, he has not made oath to the truth of the alleged new matter, nor does he show the exercise of due diligence to discover the evidence before the trial, and, in addition to this, at best it appears to be only cumulative, and we cannot say of that character that would produce a change on a new trial. (3 Gr. & Wat. on New Trials, 1046; 21 Tex., 171.)

We see no error for which the judgment should be reversed, and it is therefore

AFFIRMED.

DONLEY, J., having been of counsel did not sit in this case.