Ethan Melton et al. v. Pass R. Turner.

1. On the second of April, 1844, there was no law requiring a land certificate sold at administrator's sale to be sold at the court house door of the county in which the land was situated upon which the certificate was located; before the issuance of patent the interest of the owner in the certificate being but a chattel interest, the same could be sold as other personal property.
2. Uninterrupted peaceable possession for ten years of land gives the possessor title to 640 acres without any other evidence of title.
3. The record of a deed in a county where the land was situate at the time of recording, though upon subdivision of the county subsequent to the record of the deed the land may fall within the territory taken off, is notice to purchasers.

Appeal from Navarro. Tried below before the Hon. F. P. Wood.

Suit by appellee filed January 19, 1872, to recover 1280 acres of land known as the headright of Jos. Young, deceased, lying in Navarro county. The appellants attempted to deraign title through a deed made by Asa Wheeler, administrator of the estate of Joseph Young, deceased, to Charles Bigelow, the purchaser at administrator's sale. The introduction of this deed in evidence was objected to, because it appeared upon its face that the land had been sold by the administrator at the court house door in the county of Harris, and not in the county of Robertson, where the land was situate at the time of the sale. This objection was sustained. The sale was made April 2, 1844.

The fourth, fifth and sixth instructions asked by plaintiff and given on the trial are as follows, viz:

"4. To entitle the defendants, or any of them, to recover under the plea of ten years, they must have lived all the time on the land, claiming the same as their own property for the entire period, not including the time from the twenty-eighth of January, 1861, to thirtieth of March,

6

1870, and this possession and claim must have continued for the full period of ten years before the institution of this suit, without being interrupted by any other claim for the same property or land.

" 5.   If the jury believe that Brunbelow and Meador lived on the land from the time of their first settlement till they purchased from Cowan, without claiming any ownership of the same, then that time will be excluded from ten years.

" 6.   The jury is instructed that in order to make the defendants possessors in good faith they must have believed, after searching the records of the county in which the land laid, that their title was the best title any one had to the land.   If the records showed a deed through which the defendants deraigned their title to be on its face null and void, then those claiming under that deed cannot be possessors in good faith."

The defendants pleaded possession of the land for ten years.  Brunbelow testified that Meador, the deceased husband of one of the defendants, and himself, settled on the land as squatters, and had lived on it for sixteen years ; that about two years after the beginning of the late war, Cowan, a purchaser under Bigelow, settled on the land, claiming ownership, and sold to Meador and witness, who, though living on the land, claimed no ownership of the same before their purchase ; that when Cowan claimed the land, "he showed a patent with ribbons and a big seal."   They expressed their pleasure at finding an owner, and purchased and paid him for the land now claimed by them.

The record is voluminous, but the above is deemed sufficient for a proper understanding of the opinion.

*Wm. Croft*, for appellants.—At the Februrary term of the Probate Court, Harris county, Asa Wheeler was ap-

pointed administrator of Joseph Young, deceased. Inventory filed February 24, 1844; application for the sale of land certificate of 1280 acres, February 27, 1844; granted February 28, 1844; sale made for one thousand dollars, and receipted by deed to Charles Bigelow, April 2, 1844; deed recorded twenty-seventh of January, 1846.

The property sold was merely a land certificate, and the location made by virtue of the same. The title was inchoate, and the location liable to be lost or raised, and the certificate relocated. It was but a chose in possession of the hands of the administrator, and the purchaser of the certificate had an equity superior to the legal title of the heir. It could have been sold by the sheriff "on the premises where it is seized in execution," in accordance with the law of 1842 (Hart. Dig., Art. 1328), or by the administrator, at the residence of the deceased; and it was properly sold at the court house door of Harris county, under an order of court of competent jurisdiction.

If the property sold was a chose in action, then there was no necessity for a sale outside of Harris county under any construction of the law. That it was a chose in action, and liable as above stated, is fully supported by the decision of this honorable court in the case of Perry v. Hunt, 32 Texas, 146, and the whole opinion of the court in that case is hereby made a part of the argument in this.

The probate court had jurisdiction of the property; the sale was applied for within the time required by law. (Hartley's Digest, Art. 1023.) Sale was ordered; was made April 2, 1844, and the deed duly acknowledged for record before A. P. Thompson, the probate judge and chief justice of Harris county, who ordered the sale on the second day of May, 1844. There was no confirmation by the court of sales by administrator necessary at that

time, and the whole proceedings of the probate court became *res adjudicata*, there being no appeal, nor attempt to revise or reverse the same by any person interested in the estate from that day to this.

The purchaser at the sale, Chas. Bigelow, having bought and paid for the property, as the deed shows, could not have his rights impaired by any irregularity in the proceedings prior to the sale, nor by any act of the administrator, or of the court, after the deed was delivered to him. (Miller v. Miller, 10 Texas, 333; Allen v. Clark, 21 Texas, 405.)

The court erred in refusing to permit the deed to Bigelow to be introduced as evidence under the suggestion of good faith. The court also erred in explaining to the jury that the defendants could not go outside the county of Navarro to examine records. This is so palpable an error that no argument is necessary.

The idea that a party claiming land under ten years limitation should hold possession, "claiming the same as their own," is certainly repugnant to the law (Paschal's Digest, Art. 4624), which gives the "naked possessor" title to 640 acres "without any evidence of title," if ten years peaceable possession has been held. Charge sixth was certainly erroneous, having reference probably to Bigelow's deed recorded in Robertson county, and which the court below prohibited the defendants, claiming in good faith, from examining.

No brief for appellee has reached the hands of the Reporters.

WALKER, J.—At the time of the sale by Wheeler, the administrator of Young's estate, to Bigelow, there was no law in Texas which directed that a land certificate must be sold at the door of the court house of the county in which the land lay, upon which the certificate may

have been located. It is true the sale of the certificate carried with it to the purchaser any equity which the owner of the certificate might have acquired in the land on which it had been located, but the certificate had not yet merged in a patent; it was, therefore, only a chattel, and could be sold, as other personal property, by an administrator. It was error then in the court to rule out the transcript of the proceedings of the Probate Court and the deed from Wheeler, the administrator of Young, to Bigelow. The other errors assigned are rather the sequence of this one, except it be the fourth. This is against the charge of the court. We think the fourth, fifth and sixth charges, as asked by the plaintiff below and given by the court, are not in accordance with our statute (Art. 4624, Paschal's Digest), and are therefore erroneous. Uninterrupted, peaceable possession for ten years, under our law, gives the possessor title to 640 acres, without any evidence of title. The record of a deed in a county where the land lies, though, upon subdivision of the county subsequent to the record of the deed, the land may fall within the new subdivision, is notice to purchasers. It is unnecessary to notice further the errors assigned. The judgment will be reversed and the cause remanded.