EZEKIEL MORRISON

*v.*

ARMANELLA R. BROWN.

1. MARRIED WOMAN—*deed of trust by.* A deed of trust given by a married woman to secure unpaid purchase money, when her husband does not join in its execution, has no validity as a conveyance, but may be good as a declaration preserving a vendor's lien, or as a declaration of a trust in favor of the vendor.

2. RECORDING LAW—*void deed of trust may afford notice to subsequent purchaser.* A deed of trust executed by a married woman, her husband not uniting therein, to secure the purchase money due on the premises, though void as a conveyance, is, nevertheless, an instrument in writing relating to real estate, and when recorded is constructive notice, to all subsequent purchasers, of the lien of the original vendor upon the same for the unpaid price.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Appellee, Mrs. Brown, a *feme sole,* on the 10th of February, 1872, sold and conveyed by deed of that date, lot 6, in block 4, in Brainard & Evans' addition to Chicago, to Mrs. Elizabeth Martin (then and still the wife of Hugh Martin), at the price of $2500. Of this Mrs. Martin paid $833.33, one-third, leaving $1666.66, two-thirds of the purchase money, unpaid. To secure the payment of this two-thirds of the purchase money, Mrs. Martin, at the same time, executed to Mrs.

Brown her two promissory notes of that date, each for the sum of $833.33, one payable at one year and the other at two years from date, each bearing eight per cent interest; and at the same time Mrs. Martin executed a trust deed upon this lot 6, purporting to convey the property to William Post as a trustee for Mrs. Brown, and reciting that the object of the deed was to secure the payment of these two promissory notes, and reciting, among other things, the same was " given to secure payment of *a part of the purchase money* of the *above described premises.*"

The deed of Mrs. Brown to Mrs. Martin, and the trust deed of Mrs. Martin to Post, as trustee of Mrs. Brown, were both filed for record in the recorder's office of Cook county, on the 18th day of February, 1872, and duly recorded.

On the 10th of May, 1873, this lot 6 was sold by Mrs. Martin to Michael Flynn, at the price of $3700, and at the same time conveyed to Flynn by deed of warranty, executed by Mrs. Martin and her husband, Hugh Martin, which deed was filed for record May 5th, 1873, and duly recorded on the 10th day of that month.

Flynn testifies, that at the time of this purchase he had no knowledge or notice of any lien upon the land in favor of Mrs. Brown. The deed recites a consideration paid of $3700. There is no testimony that Flynn paid down any money, but he executed, at the time of receiving his deed, his three promissory notes for $900 each, and secured the same by a trust deed to F. L. Chase, upon this lot, and this trust deed was recorded May 9th, 1873.

Ezekiel Morrison testifies, that about August 4, 1873, without any notice of Mrs. Brown's claim, he bought of Mrs. Martin and her husband these three notes of $900 each, executed by Flynn, and paid $2500 in money for the same, and the notes and deed of trust were handed over to his possession.

Upon this statement the appellee claimed and procured a decree in the circuit court, recognizing a lien in her favor for the unpaid part of the purchase money due her by Mrs.

Martin, and declaring such lien superior to the claims of all subsequent purchasers or incumbrancers. To reverse this decree appellant brings the record to this court.

Mr. WM. B. GIBBS, for the appellant.

Messrs. E. & A. VAN BUREN, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Our statute provides for the recording of " deeds, mortgages, powers of attorney and other *instruments of writing*, relating to or affecting the title to real estate." And it is further provided, that " deeds, mortgages and other *instruments in writing relating to real estate*, shall be deemed, from the time of being filed for record, *notice* to subsequent purchasers and creditors, though not acknowledged or proven according to law."

It is true, that under the construction given by this court, to our statutes relating to conveyancing, and in relation to the rights and powers of married women, the deed of trust made by Mrs. Martin, to secure the balance of the purchase money owing to Mrs. Brown, was not operative as a conveyance, inasmuch as her husband did not join in the execution thereof, and such deed did not, as such, create a lien upon the land. It does not follow, however, that that instrument was not operative as a declaration preserving the vendor's lien, or as a declaration of a trust which, by the intention of the parties, was to exist in favor of Mrs. Brown to secure her purchase money. This surely is an instrument in writing " relating to real estate." It is a distinct, though not a very artistic, declaration by Mrs. Martin that she holds her title subject to a lien in favor of Mrs. Brown, for the unpaid part of her purchase money, and a distinct statement of the amount of such charge upon the land.

It is, undoubtedly, the policy of our recording laws, that every instrument in writing relating to land, when once recorded, shall be notice to the world of everything stated in

such instrument, and of everything which is necessarily implied from the words of the recorded instrument. Those appellants claiming as subsequent *bona fide* purchasers or incumbrancers occupy the same position in this case as they would have done had this instrument (not having been recorded) been read aloud to them by the appellee, before they became in any way interested in this question. As against her grantee, there can be no doubt of her right to assert a vendor's lien. As to the others, they have constructive notice of her equities. This deed of trust by a *feme covert* (her husband not joining with her in its execution) has no validity as a conveyance. It has no force or power to *create* a lien. A married woman can, however, without the aid of her husband, accept a deed and hold title to land. She can also tell the truth, and there is no law to render its utterance ineffectual. Under our statute, as to the effect, as notice, of recording instruments in writing relating to land, the execution and recording of this instrument becomes equivalent to a personal declaration of her equitable rights to each of appellants claiming as *bona fide* purchasers.

The decree will be affirmed.

*Decree affirmed.*