*Reversed and remanded.*

Opinion delivered June 10, 1887.

No. 5627.

DAN AND NAT LEWIS *v.* GEORGE S. JOHNSON, JR.

1. INNOCENT PURCHASER—LAND—NOTICE—REGISTRATION.—A contract in writing which purports to convey an interest in land after its location and before patent issues, can not affect a subsequent innocent purchaser from the vendor, or his creditors, unless it is authenticated for record and recorded. The sale of the land certificate after its location, effects an equitable transfer of the land located by virtue of it, but a mere filing of a conveyance which evidences the sale in the general land office, does not give that constructive notice to creditors and subsequent purchasers which results from registration in the proper county.

APPEAL from Uvalde. Tried below before the Hon. Thos. M. Paschal.

*Simpson & James*, for appellants: That the filing in the general land office of the transfer from P. T. & M. V. Adams was constructive notice, they cited Snider v. Methvin, 60 Texas, 500; Evitts v. Roth, 61 Texas, 86.

On their proposition that whatever is sufficient to put a party on inquiry is notice, and an ordinarily prudent man, dealing with an unpatented location, would examine the file in the general land office for transfers which the law authorizes to be pre-

sented and archived there at any time for patenting to assignees, they cited Powell v. Haley, 28 Texas, 53; 1 Story's Equity, sections 400 and 401; Littleton v. Giddings, 47 Texas, 119; Guilbeau v. Mays, 15 Texas, 416; Rodgers v. Burchards, 34 Texas, 453; Hawley v. Bullock, 29 Texas, 222.

That appellee was not a purchaser for value, they cited McKamey v. Thorp, 61 Texas, 648.

*Baker, Archer & Clark,* for appellee.

STAYTON, ASSOCIATE JUSTICE.  This action was brought by the appellee to recover an undivided one-half of two sections of land located and patented by virtue of two land certificates which P. T. and M. V. Adams, who were partners doing a land and cattle business, owned and located in 1875.  After the lands were located, surveyed and the field notes returned to the general land office, on March 1, 1876, P. T. and M. V. Adams by a written conveyance duly acknowledged, transferred the certificates to W. C. Adams, to whom the land was patented in the year 1880, and by conveyances through him the appellants deraign title The conveyance of the certificates to W. C. Adams was never recorded in the county in which the lands are situated, but it was filed in the general land office soon after it was executed.

On April 6, 1877, George S. Johnson, senior, brought an action against P. T. Adams, on a demand for money, in which he caused a writ of attachment to be levied on an undivided half of the two tracts of land.  Judgment was rendered in his favor in that action, and the land attached was directed to be sold, which was done on June 3, 1879, when the appellee became the purchaser.

The action in favor of George S. Johnson, senior, who was the father of George S. Johnson, junior, was instituted by the latter as the attorney for the former under an agreement that he should have one-half of what he might recover from P. T. Adams. When George S. Johnson, junior, bought the lands at sheriff's sale he paid the costs of suit and credited the amount of his bid on the judgment; but afterwards the matter was adjusted between himself and his father, he retaining whatever interest in the lands the sheriff's deed conveyed to him.  Neither George S. Johnson, junior, nor his father had any notice that the land certificates had been conveyed to W. C. Adams at the time the facts transpired through which the former claims the land, unless the

filing of the transfer in the general land office affected them with notice. It is claimed by the appellants that this was the effect of that fact.

It is well settled "that contracts in writing concerning land, to have effect against innocent purchasers and creditors, must be proved and recorded, so must a contract which is to effect or pass an interest in land after its location." (Simpson v. Chapman, 45 Texas, 566.) The sale of the certificates, after location, operated an equitable transfer of the lands located under them. The declaration of the statute is that "all bargains, sales and other conveyances whatever, of any lands, tenements and hereditaments, * * * which shall be hereafter made and executed, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and lodged with the clerk to be recorded according to the directions of this act." (Paschal's Digest, art. 4988.)

The statute nowhere makes the filing in the general land office of the transfer of a land certificate, or of land, to have the same effect as registration in the proper county, and in the absence of a statute giving such effect to the filing of such a paper in the general land office, such effect can not be given to it. To meet such a case, and to give persons who have filed in the general land office any deed or other paper affecting title to land, a means by which such papers may be placed on record in the county in which the land is situated, the law provides that copies of such deeds or other conveyances may be recorded. (Pas. Dig., art. 4984; Rev. Stats., art. 4330.)

Neither the appellee nor his father having notice of the transfer to W. C. Adams at the time the facts transpired on which the appellee bases his right, he is protected through the right which his father had as a creditor had he not been entitled to protection as a purchaser for value. (Grace v. Wade, 45 Texas, 522; Linn v. LeCompte, 47 Texas, 441.)

No question is made as to the extent of the interest which P. T. Adams at one time had in the land, nor as to the existence of equities growing out of the partnership between him and M. V. Adams, which might have affected the rights of the parties.

The sole claims of the appellants on this appeal are, that the appellee had notice of the conveyance to W. C. Adams, from the fact that it was filed in the general land office and that he is

not entitled to protection as a bona fide purchaser, and as neither of these can be sustained, the judgment of the district court will be affirmed. It is so ordered.

*Affirmed.*

Opinion delivered June 10, 1887.