[No. 1397.   December 6, 1911.]

W. D. M'BEE, Appellee, v. PAT O'CONNELL and MRS. PAT O'CONNELL, Appellants.

### SYLLABUS (BY THE COURT).

1. An acknowledgment of a deed, or other writing, affecting real estate, by the party whose real estate is affected, in the manner established by statute, is a necessary prerequisite to its being recorded under Section 3953, C. L. 1897.

2. An executory contract for the sale of real estate is, when duly executed and acknowledged, a writing entitled to record within the meaning of Section 3953, C. L. 1897.

3. An acknowledgement of an assignment on the back of an executory contract for the sale of real estate to which the assignment refers for particulars and purposes of description is not, under the circumstances given in the following statement of the case, an acknowledgment of the contract itself; and although the contract was copied into the land records by the proper recording officer, that did not make it of record, and thereby constructive notice to a subsequent purchaser having no actual knowledge of it.

Appeal from the District Court for Curry County, before WILLIAM H. POPE, Chief Justice. Reversed and remanded.

C. L. REESE for Appellant.

Instrument without proper acknowledgement is not entitled to be recorded. C. L. 1897, secs. 3953, 3955, 3945, 3947; Martindale v. Price, 14 Ind. 115; 1 A. & E. Enc,

2 ed. 540; 1 Cyc. 581; Early Times Distilling Co. v. Zeiger, 11 N. M. 221; Jacoway v. Gault, 73 Am. Dec. 494, Ark.; First National Bank v. Baker, 62 Ill. App. 154; Gill v. Fauntleroy, 47 Ky. 177; Ross v. McLung, U. S. L. ed. 400; Meddock v. Williams, 12 Ohio 387.

Executory contracts for sale of real estate are not entitled to be placed of record. C. L. 1897, secs. 3953, 3955; Early Times Distilling Co. v. Zeiger, 11 N. M. 221; 24 A. & E. Enc. Law, 2 ed. 81; Mesick v. Sanderland, 6 Cal. 297.

Partnership. 22 A. & E. Enc., 2 ed. 177; Rocky Mountain National Bank v. McCaskill, 26 Pac. 821, Colo.; McGahon et al v. National Bank of Rondout, 39 L. ed. U. S. 403; Williams v. Bowers, 15 Cal. 321; Kimo v. Bullitt, 22 How. 256, 16 L. ed. 313, U. S.; Winship v. Bank, 5 Peters 529, U. S.

Agent need not have written authority to make written contract for his principal unless the contract is required to be under seal. 31 Cyc. 1227; Worrall v. Munn, 55 Am. Dec. 330, N. Y.; Antrim Iron Works v. Anderson, 112 Am. Rep. 434, Mich.; Jasper v. Wilson, 14 N. M. 482; Kird v. Hamilton. 102 U. S. 68.

Plaintiff in ejectment must have a legal title to recover against a defendant in possession under color of title. Salazar v. Longville, 5 N. M. 548; Maxwell Land Grant Co. v. Dawson, 7 N. M. 133; Deas v. Sammons, 7 A. & E. Ann. Cases 1124; 15 Cyc. 18, 64; Hockett v. Alston, 49 C. C. A. 180; Carter v. Ruddy, 166 U. S. 493; Moody v. Farr's Lessee, 33 Miss. 192.

Variance between allegations and proof. Huntington v. Jewett, 95 Am. Dec. 788, Iowa; 15 Cyc. 115; Seaton v. Son, 32 Cal. 481; Tarply v. Desert Salt Co., 14 Pac 338.

R. E. ROWELLS for Appellee.

Contract was entitled to record. C. L. 1897, secs. 3952, 2954, 3945, 3947; Garton et ux. v. Hudson Kimberly Pub. Co., 58 Pac. 946; McCormick v. James, 36 Fed. Rep. 14.

Substantial compliance with form of acknowledgement

prescribed in C. L. 1897, sec. 3945, is all that is necessary. McCormick v. James, 36 Fed. Rep. 14; Huse v. Ames, 15 S. W. 965; Hughes v. Powers, 42 S. W. 1; Early Times Distilling Co. v. Zeiger, 11 N. M. 221; Gill v. Fauntleroy, 47 Ky. 177; Ross v. McLung, 8 L. ed. 400, U. S.

Ejectment. Laws 1907, chap. 107; C. L. 1897, secs. 3160-3164, 3168, 3169; Jones v. Hollister, 32 Pac. 1115, Kas.; Solomon v. Yrisarri, 9 N. M. 480; Jennings v. Brown, 94 Pac. 557; Probst v. Trustees, 3 N. M. 373; Harrison v. Gallegos, 13 N. M. 1; Duendro v. O'Hara, 86 Pac. 985, Cal.; Deemer v. Falkenburg, 4 N. M. 149; Coles v. Meskeman, 85 Pac. 67, Ore.

## STATEMENT OF THE CASE.

This is an action in ejectment in which the plaintiff seeks to recover from the defendants possession of certain land, in Clovis, Curry County, with damages for its detention. In his complaint, the plaintiff alleged that he was the owner in fee of the real estate in question and that he had "the legal estate in fee simple and the equitable estate in and to" the same, and that on or about September 1, 1908, the defendants wrongfully entered and ousted him from the premises and "still unlawfully withhold possession from him." The plaintiff's claim of ownership is based on an executory contract of sale and purchase of the land in question between the Santa Fe Land Improvement Company and J. M. Ray, made June 27, 1907, and an "assignment" by Ray to the plaintiff made October 3, 1907. By the agreement the Company named undertook to convey the real estate to Ray by a warranty deed within a specified time after performance by him of the terms of the agreement on his part. At the time of the assignment above named, the time for performance had not expired.

The assignment, it would seem, was written on the back of the contract referred to and does not purport to be an assignment of the contract itself, but instead of "all right, title, interest and claim in and to the within described lot or parcel of land" to the plaintiff, and an authorization to the Improvement Company to make con-

veyance to him on performance of the requirements of the contract. A certificate of acknowledgement was appended in these words:

"Territory of New Mexico, Roosevelt County.—ss.

"Before me, the undersigned, a notary public in and for said County and————this day came J. M. Ray, who is personally known to me to be the same person who acknowledged the within contract, and the foregoing assignment thereof, and he duly acknowledged the execution of said assignment.

"Given under my hand and seal, this 3rd day of October, A. D. 1907. Commission expires June 11, 1911. (Signed) John D. Cameron. (Seal)."

The assignment was endorsed by the proper officer as received for record December 3, 1907, and it, together with the contract, itself was copied into the county land records as of that date. There was no evidence that the defendants had actual knowledge of either the contract or the assignment. They claimed by subsequent purchase from J. M. Ray. The trial court held: "The defendants bought subject to the plaintiff's rights since the contracts under which the latter held and the assignment of the same were duly recorded. These affected real estate, were properly recorded under C. L. 3652-4, and thus carried legal notice to subsequent purchasers. The decree will accordingly go for plaintiff." And judgment was entered accordingly. From that judgment the defendants appeal to this court.

## OPINION OF THE COURT.

ABBOTT, J.—Of the several errors assigned by the defendants, only two need be considered since they are decisive of the case. Indeed, one of them alone is, we think, conclusive, but the other is so connected with it, and of such importance that it cannot be properly disregarded. It is contended for the appellants that the executory contract on which the plaintiff's claim is based, is not an instrument entitled to record under Section 3953, C. L. 1897, as a "writing affecting the title to real estate." Strictly speaking, such a contract does not affect the title to real estate in the sense that it affects a present change

in it, and it has sometimes been held that such instruments were not entitled to record unless under express statutory provision. Vol. 24, Am. & Eng. Enc. 80. But, while the language of Section 3953, supra, is, as above stated, "affecting the title to real estate," yet, further on in the section the words, "the real estate affected," are used, and like expressions are found in other sections dealing with the subject, Sections 3931, 3943, 3944, 3945, 3947, 3952, 3953, 3964, 3968, 3969, 3970. Section 3953 uses both forms, and 3956 the former only. It seems probable therefore that the legislative intention was not to distinguish between "real estate" and the "title to real estate," which are, in fact, quite different things, but to use the expression interchangeably, and give to the latter the broader meaning, which, perhaps, properly attaches to the former only, and thus to include the class of writings to which the contract in question belongs. In the brief for the appellants our attention is called to a case decided by this court, Early Times Distillery Co. v. Zeiger, 11 N. M. 221, in which the opposite view was expressed. The statement was in the nature of a dictum, and did not, we think, commit the court to that opinion of the law.

Statutory provisions, similar to those here involved, have been given a broad construction by courts of high standing. Lewis v. Johnson, 68 Tex. 448, 4 S. W. 644, and cases cited; Morrison v. Brown, 83 Ill. 562; Minn. Land & Tim. Co. v. Ford, and cases cited, 58 Fed. Rep. 452 (Eighth Circuit, opinion by Sanborn, Justice). But even if it was in itself a writing within the scope of Section 3953, and the acknowledgement was sufficient in form, which the appellants deny, it must still be held that the contract was not, in the legal sense of the word, "recorded." Very early in the legislative history of the Territory provision was made for greater formality and certainty in the transfer of real estate. In 1852, it was enacted that "Any person * * * holding any right or title to real estate * * * * may convey the same in the manner and subject to the restrictions prescribed in this act." That now appears in Section 3939, C. L. 1897. In the same act,

where what now appear as Sections 3942 and 3943, is as follows: "Section 3942. All conveyances of real estate shall be subscribed by the person transferring his title or interest in said real estate, or by his legal agent or attorney." Section 3943: Every instrument in writing by which real estate is transferred or affected, in law or equity, shall be acknowledged and certified to in the manner hereinafter prescribed." Section 3943 has since been superseded by the provisions in Chapter 62, of the Laws of 1901, *infra*. The sections 3953 and 3954 providing for record and making it constructive notice were enacted in 1887. Section 3955 was part of the same act, namely: "From and after the 1st day of January, 1888, no deed, mortgage or other instrument in writing, not recorded in accordance with Section three thousand nine hundred and fifty-three, shall affect the title or rights to, in any real estate, of any purchase or mortgage in good faith, without knowledge of the existence of such unrecorded instruments." In 1889, a form of acknowledgement was provided, by which the one making it declares the instrument acknowledged to be his or her "free act and deed," which simply carries out the meaning of the word "acknowledgement." Vol. 1, A. & E. Enc., 507 . And by Chapter 62, Section 18, Acts of 1901, it was expressly provided that an unacknowledged instrument of writing, "though filed and placed of record," should not "be considered of record." It is obvious from these provisions, taken together, and, indeed, we do not understand it to be questioned by counsel for the appellee, that the person making a transfer of any right or interest in real estate, must acknowledge the instrument by which the transfer is made, before an officer authorized by law to take such acknowledgements, and that until it has been so acknowledged it cannot lawfully be recorded. It is, however, claimed for the appellee that the acknowledgement by Ray appended to the assignment, included the contract, to which the assignment referred. But it was limited specifically and pointedly to the assignment, since it refers to Ray as the one who executed the "contract and assignment" and who "acknowledged" the "assignment." And what right or power had Ray to make the

acknowledgement, even if he had attempted to do it? It was not his real estate to which the writing related. It has been held (Chicago etc. R. Co. v. Lewis, 53 Iowa 101) that both parties to a lease of real estate, containing mutual agreements, should acknowledge it; but it can hardly be that the one who is, by executory contract, to receive an interest in real estate, can acknowledge it as his "free act and deed." But, as we have seen, Ray did not undertake to do that. How, then, can it be said that the contract was recorded? It is obvious that something more than merely copying the contents of a writing into the land record books is necessary to make it properly of record. Any writing picked up in the street might be so copied by any one who could get access to the books. The recording officer himself might spread upon the records by mistake, as we think happened in this case, a writing not entitled by law to record. There can be but one true test, and that is to be found in the terms of the law prescribing what may be recorded. An unacknowledged writing does not meet the test of our statute. If a writing not entitled to record, can be made of record, through including it by reference or a description in another instrument, which the maker can entitle to record, the way is open for fraudulent practices, a way to have recorded writings whose makers purposely refrained from acknowledging them, and meant not to have them recorded, a way, in fact, to nullify the safeguard which the provision for acknowledgement was meant to attach to the transfer of real estate. Such a conclusion is not required or warranted, we think, by the statutory provisions on the subject to which we have referred.

The judgment of the District Court is reversed, and the cause remanded.

Frank W. Parker, A. J., dissents.