### MRS. MARY A. ARROWOOD V. S. W. BLOUNT ET AL.

No. 4909.   Decided July 22, 1931.
(41 S. W., 2d Series, 412.)

*James G. Barker,* of Hemphill, and *John Hancock,* of Fort Worth, for plaintiff in error.

Appellees recovered upon the ground that they were innocent purchasers for value under the deed from Henry Lewis, administrator of the estate of A. Huston, deceased, dated January 3, 1888. Richardson et al. v. Levi et al. (Sup. Ct.), 3 S. W., 444; Threadgill v. Bickerstaff, 87 Texas, 520, 29 S. W., 757; Dunham v. Eastham, 95 Texas, 648, 69 S. W., 66; Cook v. Smith (Sup. Ct.), 174 S. W., 1094.

The language contained in the deed to the effect that the only thing granted was "all the right and title that A. Huston had in and to the A. Huston labor," was construed by our Supreme Court in the above-cited cases as a mere chance of title as contradistinguished from a conveyance of the land itself. The rule is clearly announced by Mr. Justice Phillips in the case of Cook v. Smith, supra.

Therefore, appellees merely purchased such title as A. Huston had to the A. Huston labor. Consequently, they were not innocent purchasers for value, and the judgment of the Honorable Trial Court is erroneous.

The title thereto shown to be in plaintiffs could not be defeated by defendants' plea of innocent purchaser, in as much as the transfer of the A. Huston certificate was made by A. Huston to R. P. Carradine before location and patent and while the same was personal property. Under said state of facts said transfer was not subject to recordation, consequently, the plea of innocent purchaser, a creature of the recordation statutes, is inapplicable. Kenley v. Robb (Com. App.), 245 S. W., 68; Dodge v. Litter, 73 Texas, 319, 11 S. W., 331.

The certificate issued to A. Huston having been sold and transferred by him to R. P. Carradine prior to the issuance of patent to "A. Huston; his heirs and assigns," did not vest in the estate of A. Huston the legal nor equitable title to the land in controversy. Said titles upon the issuance of said patent immediately passed to and vested in Carradine and his heirs. Cagle v. Sabine Valley Timber & Lumber Company, 202 S. W., 942; Leonard v. Benford Lumber Company, 216 S. W., 382.

*S. W. Blount,* of Nacogdoches, for defendants in error.

A. Huston had died and administration upon his estate was pending in San Augustine County from 1872 until long after the execution of the deed under which defendants Blount claim the land in controversy. The deed referred to was executed in the year 1888. S. W. Blount sometime before the execution of the deed in making an abstract of Sabine county discovered that the land was patented to A. Huston and that there was no transfer from Huston to any one on file in Sabine county and offered to buy it from Henry Lewis, the administrator of the estate. The administrator made an application for the sale of said land and sold it to E. A. Blount and S. W. Blount. All proceedings leading up to the sale were in due order and regular, and the deed supported by proper orders of the court. S. W. Blount negotiated the purchase of the land for himself and E. A. Blount. He had no notice of any adverse claim for the land from any source whatever and paid tthe purchase price therefor, $177. He never heard of any adverse claim to this land until a few years ago and had no knowledge of the assignment endorsed on the back of the certificate in the general land office until after the filing of this suit in the district court of Sabine county.

Upon the foregoing facts defendants contend that the land having been located by virtue of said certificate before 1848 and patented to A. Huston the apparent legal title rested in the estate of A. Huston at the time defendants purchased the land from Henry Lewis, the administrator of A. Huston's estate, and they having purchased the land from the administrator of said estate and paying a valuable consideration therefor without any notice, actual or constructive, of any adverse claim, are innocent purchasers and are entitled to recover the land. Article 6824, Vernon Sayles' Statutes, 1914, Act Feb. 5, 1840, p. 69, sec. 4, P. D. 4988; Lewis v. Johnson, 4 S. W., 644; Brown v. Henderson et al., 31 S. W., 315; Clark v. Hoover et al., 110 S. W., 792; Duckworth et al. v. Collier, 235 S. W., 924; Thompson v. Langdon, 87 Texas, 257; Breen v. Moorehead, 136 S. W., 1047.

Mr. Justice GREENWOOD delivered the opinion of the court.

After mature consideration, the Supreme Court has decided that the opinion in this case of Presiding Judge Harvey for Section A of the Commission of Appeals was entirely correct.

Judge Harvey's opinion states the case and recommends that it be determined as follows:

"On February 1, 1838, a certificate for one labor of land was issued to A. Huston. By endorsement in writing, dated July 13, 1839, signed by Huston, and acknowledged by him on July 15, 1839, he transferred the certificate to Robert Carradine. The certificate and transfer were on file in the General Land Office when the patent issued, and still are on file there. But they never were recorded in Sabine County. On September 15, 1848, patent was issued, on the certificate, to 'A. Huston and his assigns forever,' for one labor of land in Sabine County. On January 3, 1888, the administrator of the estate of A. Huston, deceased, conveyed the land to S. W. Blount, under proper court orders. Blount paid a valuable consideration for the land, without notice of the transfer of the certificate by Huston to Carradine, unless the fact of the instrument of transfer being on file in the General Land Office charged him with such notice. The plaintiffs in error are the heirs of Robert Carradine, and seek to recover the land from Blount in this suit of trespass to try title. Blount defends upon the ground of innocent purchaser.

"Whether the certificate was located before or after its transfer to Carradine does not appear from the evidence. If it had already been located, its transfer was a conveyance of land (Simpson v. Chapman, 45 Texas, 566; Lewis v. Johnson, 68 Texas, 448, 4 S. W., 644), and is governed by the provisions of Article 6824 of the Revised Statutes of 1911, which was passed in 1840. That statute declares that 'all bargains, sales and other conveyances whatever of any land * * * shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law.'

■ "We are of the opinion, however, that if the certificate remained unlocated at the time of its transfer to Carradine, and therefore effected a transfer of a mere personal right not then subject to registration, that fact is of no material effect here. The certificate certainly was located at some time prior to the issuance of the patent in 1848. When located it ceased to be a chattel and became an instrument evidencing title to land. As said in Simpson v. Chapman, 'Instead of being merely personal property of itself, it is, like a deed, the evidence of title to the land upon which it was located.' When the patent issued, the written transfer of the certificate to Carradine

became evidence of the legal title being in him, by virtue of that transfer, as well as the equitable title which had vested in him when the certificate was located. Cagle v. Sabine Valley Timber & Lumber Co., 109 Texas, 178, 202 S. W., 942. It would be quibbling, we think, to hold that an instrument which is evidence of the transfer of title to land from one person to another, is not such a 'conveyance' of land as is contemplated by the provisions of Article 6824.

"The facts of the case of Bogart v. Moody, 35 Texas Civ. App., 1, 79 S. W., 633, bring that case in point here. In that case, Moody was a remote grantee of the person named as patentee in the patent, but who acquired no title under the patent. When the patent issued the certificate upon which it was based was owned by the heirs of one Sleeper, who had acquired it from the original holder before location. These facts were disclosed by written instruments on file in the General Land Office when the patent issued. At the time of suit, Bogart held the Sleeper title. Notwithstanding all this, Moody's plea of purchase without notice was upheld by the Court of Civil Appeals, and a writ of error was refused by the Supreme Court.

"It would seem that the decision in the case of Leonard v. Benford Lumber Co., 110 Texas, 83, 216 S. W., 382, all but expressly decides the question involved here. The effect of the holding in that case is that Article 6823 is a statute of registration for purposes of notice, as well for the perpetuation of evidence. The corollary follows, we think, that instruments to which that statute has reference, and which are not recorded under the authority there given, become subject to the provisions of Article 6824.

"We conclude that the transfer of the unlocated land certificate from Huston to Carradine, conveying as it did an inchoate right to land, took on the character of a conveyance of land, within the purview of Article 6824, when the inchoate right matured into an equitable title to specific land by the location of the certificate. The instrument then became evidence of title to the land itself; and subsequent purchasers of the land were not charged with constructive notice of the instrument by virtue of its being in the Land Office Files.

"The case of Dodge v. Littler, 73 Texas, 319, 11 S. W., 331, is not in point for the reason a purchase of land is not involved in that decision. The certificate in question there was unlocated and therefore was personality, when it was bought by the person in favor of whom the rights of a prior purchase of the certificate were sought to be postponed.

"The opinion of the Commission of Appeals in the case of Kenley v. Robb, 245 S. W., 68, discloses a different state of facts from those of the present case. In that opinion it is disclosed that at the time Leach, the alleged innocent purchaser, bought the land, a certified copy of the transfer of the certificate to William Penn before the certificate was located, was of record in the county where the land lay. The certified copy was of instruments on file in the General Land Office, and its record in the county affected Leach with notice of such transfer. R. S., 1911, art. 6822; Lewis v. Johnson, supra; Leonard v. Benford Lumber Co., supra. The language of the Commission, in the Kenley-Robb case, to the effect that purchasers of land are put on inquiry by instruments appearing in the Land Office files, when those instruments are not of record in the county where the land lies is dictum.

"The writ of error in the present case was granted because of alleged conflict of the holding of the Court of Civil Appeals herein, with the decision in the case of Dodge v. Littler and that in Kenley v. Robb. For this reason, we have taken pains to show that no conflict really exists, when the facts in those cases are considered.

"We recommend that the judgment of the Court of Civil Appeals, 294 S. W., 616, affirming the judgment of the trial court, be affirmed."

We deem it necessary to add but little to the above opinion.

█ The substance of article 6627 of the Revised Statutes has been the law of Texas since the enactment of section 4 of the act approved February 5, 1840. 2 Gammel's Laws of Texas, p. 328. By this article "all bargains, sales and other conveyances whatever of any land * * * shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law." After the land in controversy was located, a transfer of the certificate on which the patent issued was such an instrument as the statute permitted and required to be recorded by the county clerk. Unless duly recorded in the office of the county clerk, such a transfer was therefore void as to subsequent purchasers for value and without notice, under the plain terms of the statute. Leonard v. Benford Lumber Co., 110 Texas, 87, 216 S. W., 832.

The Supreme Court has consistently construed the statute as not requiring patents and grants to be recorded, saying in one opinion: "While patents are admitted to record, there is

no law that requires them to be recorded in the county where the land is situated. Patents and grants from the government are neither embraced within the language nor spirit of article 4988, Paschal's Digest, which declares deeds and other instruments void, as against creditors and subsequent purchasers without notice, unless they shall have been acknowledged or proved and lodged with the clerk for record. * * * A patent is notice to the world; the record of it is in the general land office." Evitts v. Roth, 61 Texas, 86; Byrne v. Fagan, 16 Texas, 399. But transfers subsequent to grant or patent, though lawfully archived in the land office, have been classed differently. In Simpson v. Chapman, 45 Texas, 560, the court said: "And as contracts in writing concerning land to have effect against innocent purchasers and creditors, must be proved and recorded, so must a contract for a certificate which is to effect or pass an interest in land after its location." Holding a bona fide purchaser from the patentee unaffected by defects disclosed by the chain of title to a certificate among land office archives, the court announced:

"If, under these circumstances, a purchaser from the patentee must at his peril examine into the old records of the general land office to ascertain if there be any latent defects in the chain of title to the certificate upon which the patent issues, then this, the highest character of our land titles, will prove but 'a mockery, a delusion, and a snare.' " Wimberly v. Pabst, 55 Texas, 594.

The court adhered to these earlier decisions in Lewis v. Johnson, 68 Texas, 450, 4 S. W., 644-645, where it is held:

"The statute nowhere makes the filing in the general land office of the transfer of a land certificate, or of land, to have the same effect as registration in the proper county, and in the absence of a statute giving such effect to the filing of such a paper in the general land office, such effect can not be given to it. To meet such a case, and to give persons who have filed in the general land office any deed or other paper affecting title to land, a means by which such papers may be placed on record in the county in which the land is situated, the law provides that copies of such deeds or other conveyances may be recorded. * * * The sole claims of the appellants on this appeal are, that the appellee had notice of the conveyance to W. C. Adams, from the fact that it was filed in the general land office and that he is not entitled to protection as a bona fide purchaser, and as neither of these can be sustained, the judgment of the district court will be affirmed. It is so ordered."

Following Judge Stayton's opinion in Lewis v. Johnson, supra, the Texarkana Court of Civil Appeals stated:

"It is also the law that the mere filing in the General Land Office of a conveyance of the land or of the certificate by virtue of which it had been or was to be surveyed will not operate, as would the filing of such conveyance with the county clerk of the county in which the land is situated, as constructive notice thereof to a subsequent purchaser." Clark v. Hoover, 51 Texas Civ. App., 181, 110 S. W., 791, 793.

Not only did the Supreme Court deny a writ of error in Clark v. Hoover but in the following cases wherein identical holdings were made: Bogart v. Moody, 35 Texas Civ. App., 1, 79 S. W., 633, and Ingalls v. Orange Lumber Company, 56 Texas Civ. App., 547, 122 S. W., 53.

In view of the repeated re-enactment of the statute, after its construction by the Supreme Court, we are bound to continue that construction and apply the statute as heretofore.

The expressions in the opinion of the Commission in Kenley v. Robb, 245 S. W., 68-72, which are not in harmony with this opinion are expressly disapproved. The judgment ordered entered by the Supreme Court obviously does not rest on the correctness of those expressions. In stating the case, the Court of Civil Appeals (193 S. W., 375) said: "Said transfer of said certificate was recorded in the deed records of Trinity county on the 23rd day of February, 1859, and re-recorded on August 9, 1915. Plaintiff claimed through William Penn, under said transfer of said certificate. Defendants claimed under conveyance from the heirs of John Andrews, dated November 30, 1876." So, there was no escape from the conclusion that the subsequent purchaser in that case had constructive notice of the transfer of the certificate.

The judgments of the district court and Court of Civil Appeals are affirmed.