## LATIMER v. HESS.

### No. 6135.

Court of Civil Appeals of Texas. Texarkana.

Nov. 2, 1944.

Rehearing Denied Nov. 16, 1944.

John A. Cook, of Mt. Pleasant, and R. T. Wilkinson, of Mt. Vernon, for appellant. J. A. Ward, of Mt. Pleasant, for appellee.

HARVEY, Justice.

The appellee, Sam Hess, plaintiff in the trial court, sought judgment against W. Dan Latimer, defendant, for the title and possession of, and the free use of, a certain alley located in Mt. Pleasant, Texas, and prayed that a mandatory injunction issue requiring the defendant to remove all obstructions placed by him in such alley.

Judgment was for the plaintiff, awarding him an easement in the alleyway and directing the defendant to remove certain named obstructions from therein, from which judgment the defendant prosecutes this appeal.

In 1926, Mrs. Minnie Lacy was the owner of three lots of land in the city of Mt. Pleasant, Texas, on each of which was located a two-story building, Lot 1 being situated in the southeast corner of Block 8, and adjacent thereto on the west was the lot and building sold by Mrs. Lacy to Sam Hess. These two lots extended north and south and fronted on Second Street, facing south. The third lot, the Latimer property, extended east and west in the rear of the other two lots, and separated from them by the four-foot alley in dispute, facing east and fronting on Jefferson Street. In the year above named, Mrs. Lacy, joined by her husband, deeded Lot 2 to Sam Hess by general warranty deed, in which was contained this provision:

"The right to the free use of the alley in the rear of the lot herein conveyed, and lying between the lot herein conveyed and the said Barber Shop building above mentioned, is hereby granted by the grantors herein to the said Sam Hess, grantee herein."

In the same paragraph other reservations were made for the use by the grantee of a stairway, upstairs hall and toilets over the barber shop building. This deed was recorded in the deed records of Titus County on October 21, 1926. In February, 1928, Mrs. Lacy and husband deeded to S. J. Moughon Lot 3, known as the Barber Shop building, which deed was duly recorded in Titus County on March 6, 1928. In this latter deed no reference was made to the grant of the free use of the alley lying between the barber shop building and the Hess building, but a reservation was made in favor of the grantors that they have "the use of the stairway, landing, toilet, and light switch which is used in connection with this building." On May 3, 1940, R. O. and O. C. Moughon conveyed this last named building to W. Dan Latimer, who had been furnished with an abstract of title on the lot he bought and in which abstract the deed from Lacy to Hess was not included. In 1943, Sam Hess brought suit to restrain W. Dan Latimer from closing the alley between his building and the building purchased by Latimer, and from interfering with him in any way in the use of said alley. The alley was included in the field notes contained in the deed from Mrs. Lacy to Moughon, and from Moughon to Latimer.

The defendant in his answer pleaded that the provision in the deed from Mrs. Lacy and husband to Sam Hess with reference to the use of the alley was only a license, revocable by the grantors, and not an easement; that if it could be construed as an easement, Latimer was an innocent purchaser in that he was not charged with legal notice of the recorded deed from Mrs. Lacy and husband to Sam Hess, such deed not being in his chain of title.

It is true, as contended by counsel for appellant, that quite often it is difficult to discern the distinction between a license as applied to real estate and an easement. An easement "is a liberty, privilege, or advantage without profit, which the owner of one parcel of land may have in the lands of another." 28 Corpus Juris Secundum, Easements, § 1, page 619. If the instrument in question grants an interest in the land, or gives the right of user of such land, then an easement is created; if only permission is given under such instrument for one to do some act or acts on the land of the one granting the right, then it is a license only. An easement is an interest in land; a license is merely a privilege to do some act or acts on the land, but is not an interest in the land itself. Settegast v. Foley Bros. Dry Goods Co., 114 Tex. 452, 270 S.W. 1014, 1015.

In the instant case, the right to the free use of the alley was granted in the deed of conveyance to Hess. This deed conveyed to Hess the fee simple title to the lot he purchased, and also an easement in the alley part of the other lot, the title to which at that time was vested in the grantors of Hess. In no sense was it a license, which was revoked when this latter lot was sold, but it was an interest in the land itself.

The easement having been created by express grant and constituting an interest in the land, the registration laws apply and appellant cannot be said to be an innocent purchaser. The deed to Hess, creating the easement, and the subsequent deed to O. C. Moughon, W. Dan Latimer's grantor, were both by the same grantors, and Latimer was charged with notice of

the deed to Hess, which was on record, and of the charge or burden upon the land that he bought as much so as he would have been of a recorded oil and gas lease or a mortgage executed by his own remote grantors on the lot conveyed to him. Anything appearing in a prior recorded instrument from his grantors, or remote grantors, affecting his land is constructive notice to him of such matters as are contained in the instrument. See Article 6646, R.S. of Texas 1925; Leonard v. Benford Lbr. Co., 110 Tex. 83, 216 S.W. 382.

The point presented by appellant relating to an easement by necessity is overruled, inasmuch as the facts of this case do not involve an easement of this type.

The judgment of the trial court is affirmed.