**BRANDT v. ROXANA PETROLEUM CORPORATION et al.**

Circuit Court of Appeals, Fifth Circuit.
January 29, 1929.

No. 5313.

Walter F. Woodul, of Houston, Tex., and Lewis H. Follett, of Angleton, Tex., for appellant.

James L. Shepherd, Jr., of Houston, Tex., and William K. Koerner and Milton R. Stahl, both of St. Louis, Mo. (Koerner, Fahey & Young, of St. Louis, Mo., Baker, Botts, Parker & Garwood, of Houston, Tex., W. K. Koerner, of St. Louis, Mo., and Jas. L. Shepherd, Jr., of Houston, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was a suit by the appellee, Roxana Petroleum Corporation, against the appellant, G. A.

Brandt, to quiet the title of the former under the "agreement and lease" mentioned below to a tract of land containing 232 acres adversely claimed by appellant. The decree appealed from sustained the claim asserted by the suit.

In November, 1924, T. J. Poole, Sr., and T. J. Poole, Jr. (herein referred to as the Pooles), being the owners of a tract of land containing nearly 14,000 acres, executed to appellee a written "agreement and lease," by the terms of which appellee was given the right to examine and survey that land and make instrument and other tests thereon for the purpose of determining whether it contained oil, gas, or sulphur in paying quantities, and then, on or prior to June 1, 1925, to select not less than 5,000 nor more than 10,000 acres of that land, the land so selected to remain, on the payment of a stated sum by appellee to the Pooles, subject to the lease evidenced by that instrument, and the remainder to be discharged therefrom. By supplemental agreement, made in May, 1925, the time for making such selection was extended to August, 1925. By another supplemental agreement, made in July, 1925, such time was further extended to September 1, 1925, and appellee was given the right to have further extensions of one month each up to July 1, 1926, by paying the Pooles for each succeeding extension the sum of $500 on or before the 1st day of the month for which the extension was granted. Each of the above-mentioned instruments was filed for record and recorded prior to August 1, 1925. The above-mentioned original instrument contained the following provision:

"It is agreed that the estate of either party hereto may be assigned in whole or in part. All of the covenants, obligations and considerations of the within agreement and lease shall extend to and be binding upon said lessors, and said lessee, respectively, and upon the heirs, devisees, legatees, executors, administrators, successors, and assigns and successive assigns, of each and all of them, but no change or division whatsoever, or howsoever arising or effected, in the ownership of said land, rentals or royalties, or any part thereof, shall affect in any way the obligations of lessee hereunder, and lessee shall not be required to take notice of any change in ownership of the property herein described, or of the rentals or royalties therefrom until written notice thereof from both lessors and their successors or successor in interest, their successors and assigns, shall be delivered to lessee."

Pursuant to the agreements mentioned, appellee obtained successive extensions of the time for making the selection to November 1, 1925. On October 10, 1925, the Pooles signed and acknowledged a deed to appellant covering a tract of 232 acres, which was part of the above-mentioned tract of nearly 14,000 acres. That deed was, on October 14, 1925, recorded in the office of the county clerk of Brazoria county, Texas. On October 15, 1925, the county clerk of Brazoria county, pursuant to an order of appellee, delivered to appellee a certified copy of that deed. No written notice with reference to that deed was given to appellee by the Pooles and appellant, or either of them. On October 25, 1925, appellee paid to the Pooles the sum of $500 for the extension of the time for selection to December 1, 1925. On November 30, 1925, appellee paid to the Pooles the sum of $500 to extend the time of selection to January 1, 1926. On December 30, 1925, appellee made a selection of 10,000 acres, which included the above-mentioned 232-acre tract, and paid to the Pooles the sum payable under the terms of the "agreement and lease" upon the selection of ten thousand acres. On November 30, 1925, appellee tendered to appellant a sum which, on an acreage basis, would have covered the proportional part of the two sums of $500 each to which appellant would have been entitled for successive extensions to December 1, 1925, and to January 1, 1926, if he was entitled to be paid anything for such extensions. Appellant refused to accept the amount so tendered.

By the terms of the above set out provision of the lease contract between appellee and the Pooles, appellee's rights under that contract were to be wholly unaffected by a deed executed by the Pooles to a third party "until written notice thereof from both" the grantors and grantee in that deed was delivered to appellee. The record of that contract had the effect of notifying appellant that, in the absence of the prescribed written notice, a deed by the Pooles to him of part of the land covered by that contract would leave the appellee free to deal with the Pooles under that contract, with the same result as if that deed had not been made. An evident purpose of that provision was to leave the appellee in no doubt as to the party or parties to whom appellee was to make a payment or payments required to effectuate the latter's rights under the lease contract; the giving of the required notice being made the sole evidence of the consent of the Pooles to appellee's dealing with any one else in carrying out that contract. Unless that provision was violative of some Texas law, the payments by the appellee to the Pooles of amounts provided for by the original and supplemental con-

tracts were effective, in the absence of the giving of such notice, notwithstanding the execution and recording of the deed of the Pooles to appellant. Dormon Farms Co. v. Stewart, 157 Ark. 194, 247 S. W. 778.

In behalf of appellant it was contended that the provision in question is violative of the public policy of Texas, evidenced by the statute providing that "the record of any grant, deed or instrument of writing authorized or required to be recorded, which shall have been duly proven or acknowledged for record and duly recorded in the proper county, shall be taken and held as notice to all persons of the existence of such grant, deed or instrument." Revised Civil Statutes of Texas 1925, art. 6646. Though, by the words of the just-quoted provision, the record of a deed is notice to all persons of its existence, under the settled construction of that provision by the Supreme Court of Texas, the recording of the deed is constructive notice only to those who subsequently acquired an interest or right in the property under the grantor; a purchaser being required to look only for conveyances made prior to his purchase. Leonard v. Benfford Lumber Co., 110 Tex. 83, 89, 216 S. W. 382. The appellee was not a subsequent purchaser of the land in question, as its right or interest in that land was derived from instruments made and recorded prior to the execution and recording of the deed of the Pooles to appellant. The above set out statute does not evidence a purpose to protect the interest or estate of the grantee in a recorded deed against the enforcement of rights in the deeded land conferred on third parties by previously made and recorded instruments of his grantor. We are of opinion that no violation of law was involved in a provision of the contract between the Pooles and appellee to the effect that, even in the event of a sale and conveyance by the Pooles of all or part of the land covered by the contract, the payment, pursuant to the terms of the original and supplemental contracts, by the appellee to the Pooles of the agreed price of the interest contracted for by appellee would be effective, in the absence of the giving to the appellee of a prescribed notice.

The obtaining by appellee at its own instance of a certified copy of the recorded deed from the Pooles to appellant was not a delivery to appellee of "written notice thereof from both" the Pooles and appellant. The provision in question contemplated action by the Pooles and their grantee in getting written notice to appellees of a deed made by the Pooles covering the whole or part of the land which was the subject of the contract. The Pooles and the appellant were not parties to the act of the county clerk in sending a certified copy of the deed to appellee. That act of the county clerk was not the stipulated evidence of the consent of the Pooles to the appellee dealing with any one other than themselves in complying with requirements of the contract.

It was suggested in argument that, by making the above-mentioned tender to appellant, the appellee waived compliance with the provision as to delivering written notice. Certainly that act did not clearly manifest an intention on the part of the appellee to relinquish its right to such notice. A willingness to pay the amount tendered to satisfy any possible claim of appellant was consistent with appellee's retention of the right to the stipulated notice. A waiver of that right was not shown by an act not clearly manifesting an intention and purpose of appellee not to claim that right. 27 R. C. L. 910.

We conclude that the delivery to appellee of the prescribed written notice of the deed of the Pooles to appellant was not shown, and that in the absence of the giving of such notice the appellee's above-mentioned transactions with the Pooles had the effect of conferring on appellee the right or interest contracted for in the ten thousand acres selected, including the 232 acres embraced in the deed of the Pooles to appellant.

It follows that the decree appealed from was not erroneous. That decree is affirmed.