### SIMMS et al. v. MITCHELL et al.
### No. 3692.

Court of Civil Appeals of Texas. Amarillo.
Dec. 2, 1931.

Rehearing Denied Jan. 13, 1932.

Underwood, Johnson, Dooley & Simpson and Kimbrough & Joyce, all of Amarillo, and J. Sid O'Keefe, of Panhandle, for appellants.

G. C. Harney, of Borger, and Monning & Akin, of Amarillo, for appellees.

JACKSON, J.

The plaintiffs Bill Mitchell and John Doucas instituted this suit in the district court of Carson county, Tex., against W. F. Simms and wife, Minnie P. Simms, W. W. McIlroy, Harold F. Young, G. A. Nichols, N. Bert Smith, Thomas Shanks, Sam Klugman, and Joe Dansinger, as individual defendants, and against the Royalty Management Corporation and the McIlroy Oil Company as corporate defendants, to have the title to the leasehold estate in certain land adjudged to be in plaintiffs.

The plaintiffs alleged:

That about the 1st of June, 1926, W. F. Simms and wife executed and delivered an oil and gas lease transferring to J. D. McGrath a seven-eighths interest of the oil and gas in and under the S. ½ of Sec. 11, Block 7, International & Great Northern Railway Company survey in Carson county, Tex. That said lease provided that the lessee should pay to the lessor $1 per acre as an annual rental.

That W. F. Simms and wife on July 9th thereafter executed two instruments, one covering the S. E. ¼ and the other the S. W. ¼ of Sec. 11, conveying to J. P. Leslie a one-half interest in all the oil, gas, and rentals to which the grantors were entitled as owners of said land.

That about August 15, 1927, while his lease was in full force and effect, J. D. McGrath, by proper instrument, transferred and sold to the plaintiffs seven-eighths interest in the oil and gas on and under the east half of the N. E. ¼ of the S. W. ¼, and the W. ½ of the N. W. ¼ of the S. E. ¼ of said Sec. 11. That, by the terms of said original lease and the sale and assignment by J. D. McGrath to these plaintiffs, they promised and agreed to pay W. F. Simms and wife $1 per acre each year as rental for such property. That in 1928 the plaintiffs paid W. F. Simms and wife the sum of $40, in accordance with their obligation. That on the 12th day of December, 1929, they paid the same defendants $40 by depositing such sum to the credit of Simms and wife, in the First National Bank of Panhandle, Tex., which bank was serving

as agents of the defendants herein. That said amount was credited to the account of W. F. Simms and wife, and accepted by them.

That the lease contract between the defendants W. F. Simms and wife and J. D. McGrath provided that the lessee or his assigns should not be affected by the subsequent sale and transfer of any royalty interest in the oil and gas and the annual rental provided for in said lease, unless J. D. McGrath or his assigns were given written notice of such sale and transfer. That none of the defendants referred to as royalty owners gave J. D. McGrath or these plaintiffs written notice as owners of any interest in the royalty or rentals prior to the maturity date of the annual rental provided for in the lease.

That the leasehold estate has become valuable, as oil and gas in commercial quantities have been discovered in close proximity to their lease. That on the 15th of February, 1930, the defendants Simms and wife executed and caused to be placed of record an affidavit declaring the lease contract of the plaintiffs to be forfeited. That such act of W. F. Simms and wife placed a cloud upon their title, and thereby prevented them from consummating a sale by which they would have received $10,000 for their leasehold estate.

Plaintiffs alleged the execution and delivery of certain other royalty deeds, by the terms of which J. P. Leslie conveyed an interest in the royalty and the rentals to other defendants herein on the lands upon which plaintiffs claim a leasehold estate and certain royalty deeds by the terms of which W. F. Simms and wife conveyed an interest in the royalty and the rentals to the lands claimed by the plaintiffs.

The plaintiffs dismissed as to the Defendant Joe Dansinger.

Some of the defendants answered separately and some of them jointly, all pleading general demurrer, general denial, and asking that they be quieted in their title.

Plaintiffs, by leave of the court, filed a trial amendment in which, after referring to their original petition, they alleged that, while they did not pay the $40 rental for the year 1929 until the 12th day of December, W. F. Simms, having accepted said lease money and appropriated it to his own use and benefit, is estopped to deny plaintiffs' title because said rental was not paid on time or to the proper party.

W. F. Simms, by trial amendment, tendered into court $40, the amount of annual rental due on plaintiffs' lands for the year 1929.

The case was submitted to the court without the intervention of a jury, and judgment rendered to the effect that the plaintiffs "shall have and recover of and from the defendants W. F. Simms and wife Minnie P. Simms, a 7/16ths undivided interest in and to all the oil, gas and mineral rights in, to and under" the 40 acres of land, a leasehold estate upon which is claimed by the plaintiffs.

The judgment also decrees that all the other defendants recover from the defendants W. F. Simms and wife, Minnie P. Simms, an undivided seven-sixteenths interest in and to the oil, gas, and mineral rights "affecting the above described 20 acres of land, in proportion to the interest held by each of said defendants, according to the respective instruments under which they hold," and reduces the annual rental of the plaintiffs from $40 to $20 per annum, and provides that the $40 paid on December 12th "shall be applied to and be in full settlement of the payment that will mature June 1, 1931."

From this judgment all of the defendants, except the Royalty Management Corporation, prosecute this appeal.

The appellants present as error the action of the trial court in decreeing that plaintiffs have and recover from the defendants an undivided seven-sixteenths interest in the oil, gas, and mineral rights on and under the 40 acres claimed by them, because the defendants W. F. Simms and wife had by valid transfers sold all the annual rentals accruing to them under the lease executed to J. D. McGrath, and the acceptance of the rentals by said W. F. Simms long after the due date thereof did not estop the other defendants, to whom such rentals were payable, from asserting that plaintiffs' rights had terminated by their failure to pay the annual rental as provided for in the lease under which they assert title.

The record discloses that W. F. Simms and wife, on June 1, 1926, leased to J. D. McGrath for oil and gas purposes the S. ½ of said Sec. 11 for a term of ten years, and so long thereafter as oil or gas or either of them was produced from said land by the lessee, and that the lessors retained a one-eighth interest in the oil and gas. The lease is in the usual commercial form, and, among other stipulations, provides that:

"If no well be commenced on said land on or before the 1st day of June, 1927, this lease shall terminate as to both parties unless the lessee on or before that date shall pay or tender to the lessor or to the lessor's credit in the Panhandle Bank at Panhandle, Texas, or its successors, which shall continue as the depository regardless of change in the ownership of said land, the sum of $1.00 per acre, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date. In like manner and upon like payment or tenders, the commencement of a well may be further deferred for a like period of the same number of months successively. * * *

"If said lessor owns a less interest in the above described land than the entire and un-

divided fee simple estate therein, then the royalties and rentals herein provided shall be paid the lessor only in the proportion which his interest bears to the whole and undivided fee. * * *

"If the estate of either party hereto is assigned, and the privilege of assigning in whole or in part is expressly allowed—the covenants hereof shall extend to their heirs, executors, administrators, successors or assigns, but no change in the ownership of the land or assignment of rentals or royalties shall be binding on the lessee until after the lessee has been furnished with a written transfer or assignment or a true copy thereof, and it is hereby agreed that in the event this lease shall be assigned as to a part or as to parts of the above described lands and the assignee or assigns of such part or parts shall fail or make default in the payment of the proportionate part of the rents due from him or them, such default shall not operate to defeat or affect this lease in so far as it covers a part or parts of said lands upon which the said lessee or any assignee thereof shall make due payment of said rentals."

That on July 9, 1926, W. F. Simms and wife, by a royalty contract which was filed for record September 13, 1926, conveyed to J. P. Leslie a "⅓ interest in and to all of the oil, gas and other minerals in and under and that may be produced * * * from the S. E. ¼ of Sec. No. 11. * * * The above described lands being now under an oil and gas lease originally executed in favor of J. D. McGrath and now held by J. D. McGrath, it is understood and agreed that this sale is made subject to said lease but covers and includes ½ of all the oil royalty and gas rental or royalty due and to be paid under the terms of said lease.

"It is agreed and understood that ⅓ of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease, is to be paid to the said J. P. Leslie and in the event that the above described lease for any reason becomes cancelled or forfeited, then and in that event the lease interest and all future rentals on said land for oil and gas and mineral privileges, shall be owned jointly by W. F. Simms and J. P. Leslie, each owning a ½ interest in all oil, gas and other minerals in and upon said land, together with a ½ interest in all future rents.

On the said date by a royalty conveyance recorded September 13, 1926, containing the same provisions and stipulations, W. F. Simms and wife conveyed to J. P. Leslie a one-half interest in and to the oil, gas, and minerals that may be produced and the money rentals paid to extend the term within which a well may be begun, on the S. W. ¼ of said section No. 11.

On August 8, 1927, by an assignment recorded February 13, 1930, J. D. McGrath transferred to the plaintiff all the rights held by him by virtue of his lease from W. F. Simms and wife on the 40 acres in which they assert a leasehold estate.

The record discloses various separate royalty deeds by J. P. Leslie conveying to the other defendants their respective interests in the royalty and annual rentals on the S. ½ of Sec. 11, sold and conveyed to him by the two instruments by W. F. Simms and wife, and also a royalty deed, dated February 15, 1930, and recorded March 6, 1930, from W. F. Simms and wife to one of the defendants conveying an undivided one-eighth interest in all of section No. 11. These royalty deeds are in the usual form and contain the same language heretofore quoted from the mineral deeds executed by W. F. Simms and wife to J. P. Leslie.

We deem it unnecessary to recite further details as to the interest in the royalty and rentals held by the different defendants.

Appellants contend that W. F. Simms and wife had, by their two royalty deeds of date July 9, 1926, conveyed to J. P. Leslie all of the royalty and rentals due them on the S. ½ of Sec. 11 under the terms of their lease to J. D. McGrath, and therefore an acceptance by Simms and wife of rentals paid on December 12, 1929, which was due June 1, 1929, would not constitute, under this record, an estoppel against the other defendants.

■ The provisions of the lease from W. F. Simms and wife to J. D. McGrath, and the provisions of the royalty deeds from W. F. Simms and wife to J. P. Leslie, are written in the same language of the lease and royalty deed construed by the Supreme Court in Hoffman et al. v. Magnolia Petroleum Co. et al. (Tex. Com. App.) 273 S. W. 828. This opinion holds that a mineral deed executed by the lessor describing a 90-acre tract of land and conveying a one-half undivided interest in all minerals subject to an oil and gas lease covering 320 acres, of which the 90 acres is a part, and conveying one-half of the royalties and rentals to be paid to the lessor under the terms of said lease, entitles the grantee in such mineral deed to one-half of the royalties and rentals due the lessor on the whole 320 acres during the existence of such lease.

Under this holding the royalty deed from Simms and wife to J. P. Leslie covering the S. E. ¼ of Sec. 11 conveyed an undivided one-half interest in the royalties and rentals on the entire 320 acres, and the deed from the same parties to the same grantee covering the S. W. ¼ conveyed an undivided one-half interest in the royalties and rentals on the entire 320 acres, during the existence of the lease through which appellees assert title. The defendants Simms and wife, having by virtue of said royalty deeds parted with all their right to rentals under and by vir-

tue of said lease, were not entitled therefore as lessors to collect the rentals, and the acceptance of the rentals by Simms and wife after the due date thereof would not constitute an estoppel against the other appellants who had acquired title to such rentals, unless W. F. Simms was the agent of such other appellants, with authority to bind them by accepting the rental.

The court in the findings of fact written into the judgment finds, in effect, that the plaintiffs failed to pay the rental that was due under the lease contract on the land on June 1, 1929, at the time it matured; that such lease money was paid December 12, 1929; that said lease money was not paid to the Panhandle Bank, the depository under the terms of the lease between Simms and wife and J. D. McGrath, but was paid in to the First National Bank of Panhandle and accepted by W. F. Simms, but that such acceptance by the said W. F. Simms did not affect the rights of the other appellants.

The appellees have furnished us with no brief, and this finding of the trial court that the action of Simms and wife did not affect the rights of the other appellants is unchallenged, and the court, in effect, found that there was no estoppel against such other appellants.

█ The appellees alleged that the lease contract between Simms and wife and J. D. McGrath provided that no change in the ownership of the land or an assignment of rentals or royalties should be binding on the lessee or his assigns until after 'he had been furnished with a written transfer or assignment or a true copy thereof, and that no such notice was given them by any of the defendants. This provision of the contract and a compliance therewith was binding on the appellants, who were entitled to collect such rentals under their respective royalty deeds. Jackson v. United Producers' Pipe Line Co. et al. (Tex. Civ. App.) 33 S.W.(2d) 540 (writ denied); Dormon Farms Co. v. Stewart et al., 157 Ark. 194, 247 S. W. 778; Brandt v. Roxana Petroleum Corp'n et al. (C. C. A.) 29 F.(2d) 980.

█ It will be noted, however, that appellees failed to plead that any of the appellants, save and except W. F. Simms and wife, were estopped by virtue of the acceptance of the rentals after they were due by the said Simms. Neither did they allege that Simms was authorized to act for the other appellants in accepting such rentals. In order to assert an estoppel against a party, it must be pleaded, Shelton et al. v. Lemmon et al. (Tex. Civ. App.) 268 S. W. 177; and a party who pleads an estoppel has the burden of proving the facts constituting an estoppel, Ford Motor Co. v. Maddox Motor Co. (Tex. Civ. App.) 3 S.W. (2d) 911; Calloway v. Bookout (Tex. Civ.

App.) 37 S.W.(2d) 243; 21 C. J. 1250, §§ 266, 267.

The appellees having failed to plead an estoppel against any of the appellants except Simms and wife, and the burden being on them to establish such estoppel, both by pleading and proof, and the court having found, which finding is not challenged, that the conduct of W. F. Simms in accepting the payment of the rental long after it was due, was not binding upon the other appellants, and the testimony failing to show that such other appellants did not give the notice of change of ownership as provided for in the lease contract, the court was not authorized to render judgment for the appellees, and such judgment is here reversed and rendered that appellees take nothing by their suit.

This conclusion renders it unnecessary to consider any of the other assignments of error or to determine the relative rights of the appellants among themselves.