**58 So.2d 396**

**PEARCE v. SOUTHERN NATURAL GAS CO.**

**No. 39980.**

March 24, 1952.

Thompson, Thompson & Sparks, Monroe, for defendant-appellant.

Goff & Caskey, Arcadia, for plaintiff-appellee.

MOISE, Justice.

Plaintiff seeks the cancellation and annulment of a certain oil, gas and mineral lease insofar as it covers his 60-acre tract of land in Bienville Parish, Louisiana, on the ground that defendant failed to make proper timely payment of the delay rentals. There was judgment in plaintiff's favor in the district court, cancelling the lease and awarding attorney's fees of $350, and defendant has appealed.

Plaintiff's land is described as follows: W½ of NE¼ of SW¼ and East ⅔ or East 40 acres of the combined 60 acre tract described as NW¼ of SW¼ and that part of SW¼ of SW¼ lying North of Dixie Overland Highway, Section 10, Township 18 North, Range 6 West, containing 60 acres, more or less.

This acreage forms a part of a larger tract, containing 80 acres, which was leased for mineral exploration purposes to defendant by Mrs. Fannie E. Brice (owner of an undivided ½ interest) and her daughter, Mrs. Frances Brice Heard (owner of an undivided ¼ interest) by lease agreement dated April 27, 1944, recorded in Conveyance Book 147, Folio 67. Harold Brice, owner of the remaining undivided ¼ interest, joined his mother and sister in said lease by the execution of a colessor's agreement, under date of July 8, 1946, registered in Conveyance Book 161, page 599, Bienville Parish, La.

The lease (the terms whereof were incorporated into the colessor's agreement

executed by Harold Brice) contained the customary provision for the payment of delay rentals, and the following provision relative to sales and assignments:

"The rights of either party hereunder may be assigned in whole or in part and the provisions hereof shall extend to their heirs, successors and assigns, but no change or division in ownership of the land, rentals or royalties, however accomplished shall operate to enlarge the obligations or diminish the rights of Lessee. No sale or assignment by Lessor shall be binding on Lessee until Lessee shall be furnished by registered U. S. Mail with a certified copy of recorded instrument evidencing same. In event of assignment of this lease as to segregated portion of said land, the rentals payable hereunder shall be apportionable as between the several leasehold owners ratably according to the surface area of each, and default in rental payment by one shall not affect the rights of other leasehold owners hereunder. If six or more parties become entitled to royalty hereunder, Lessee may withhold payment thereof unless and until furnished with a recordable instrument executed by all such parties designating an agent to receive payment for all."

Subsequent to the execution of the co-lessor's agreement, Harold Brice acquired the undivided ½ interest of Mrs. Fannie E. Brice in the 80-acre tract, by deed dated September 4, 1946, registered in Conveyance Book 162, page 222. On this same date, Harold Brice and Mrs. Fannie Heard, then vested with the entire ownership of the 80-acre tract in indivision (in the proportion of ¾ interest to Harold Brice and a ¼ interest to Fannie Brice Heard) amicably partitioned the tract, and to Harold Brice was allotted the 60 acres described above. Contrary to the provisions of the lease, Harold Brice failed to furnish the defendant Gas Company with a "certified copy of recorded instrument" of either the sale to him from his mother or the act of partition had with his sister.

Under date of July 28, 1947, Harold Brice conveyed the land so allotted to plaintiff, W. B. Pearce, by instrument recorded in Conveyance Book 168, page 423. On August 2, 1947, plaintiff Pearce furnished a copy thereof to the defendant Gas Company. On March 18, 1948, defendant paid the delay rentals for the period from April 27, 1948 to April 27, 1949, by depositing in the First National Bank of Shreveport the sum of $80, with instructions to credit this amount as follows: To Mrs. Fannie E. Brice $40, to Mrs. Frances Brice Heard $20, and to W. B. Pearce (plaintiff) $20. Counsel for plaintiff admitted in oral argument that no demand was made upon the Gas Company for payment of the full rental to which plaintiff was entitled. On September 7, 1948, plaintiff filed suit for the

cancellation of the lease, alleging improper payment of the delay rentals, as aforesaid.

Plaintiff contends that he complied with the provisions of the aforesaid lease when he furnished defendant with a certified copy of the deed whereby he acquired from Harold Brice the segregated portion of the leased premises, comprising the 60 acre tract.

Plaintiff contends that although defendant was not furnished with evidence of an assignment by other lessors of their interest in the minerals, defendant, nevertheless, was charged with knowledge, under the law of registry, of the deeds by Mrs. Brice and Mrs. Heard to Harold Brice, and that defendant should have examined the Conveyance Records to ascertain how and when plaintiff acquired the interest of the colessors.

The foregoing contention is answered in the case of Atlantic Refining Co. v. Shell Oil Company, 217 La. 576, 46 So.2d 907, where it was held that when a mineral lease provides for delay rentals and that an assignment of a mineral interest by lessor is not binding on lessee until lessee is furnished with a certified copy of a recorded instrument evidencing change of ownership, *lessee is not required to take notice of public records which might show a transfer or assignment by lessor.* The very purpose of the provision of the lease relating to certified copies of recorded instruments evidencing sales or assignments

affecting the leased property is to relieve a lessor of the unreasonable burden of making constant examination of Conveyance Records to see what changes of ownership have taken place since the date of the lease.

The provisions of all contracts must not be tested by theoretical standards but must be judged by the concrete conditions. Certified copy of the acquisition from Mrs. Brice and Mrs. Heard was not served on the defendant, as provided in the contract. Defendant, nevertheless, made the deposit in the First National Bank of Shreveport for the payment of delay rentals. The only confusion was the identity of the person to be paid. The proximate cause of this obscurity was therefore the failure to perform in accordance with the contract. Atlantic Refining Co. v. Shell Oil Co., 217 La. 576, 46 So.2d 907; Brandt v. Roxanna Petroleum Corp., 5 Cir., 29 F.2d 980; Standard Oil Co. of La. v. Craig, 202 Ark. 168, 150 S.W.2d 744; Humphrey v. Flannagan, Tex.Civ.App., 91 S.W.2d 449, 450; Gulf Refining Co. v. Shatford, 5 Cir., 159 F.2d 231.

The facts in the above-quoted cases naturally vary similar to the branches and leaves and trunk of the peach tree, but, nevertheless, all bear the same fruit. Here these cases bear the same fruit in that the leaves and the branches and the trunks vary but the fruit is identical and the legal principle which has been asserted in these cases is similar.

For these reasons, the judgment of the district court is annulled and reversed and set aside, and plaintiff's suit is dismissed at his cost.

HAWTHORNE, J., takes no part.