129 So.2d 520 (1961)
J. S. GARELICK, Plaintiff-Appellant,
v.
SOUTHWEST GAS PRODUCING COMPANY, Inc., et al., Defendants-Appellees.
No. 9427.
Court of Appeal of Louisiana, Second Circuit.
March 10, 1961.
Rehearing Denied April 12, 1961.
Certiorari Denied May 12, 1961.
*521 George Fink, Monroe, for appellant.
Oliver & Fudickar, Shotwell & Brown, Monroe, for appellees.
HARDY, Judge.
This is a suit in which plaintiff seeks cancellation of a mineral lease on the ground of non-payment of delay rentals insofar as said lease covers and affects plaintiff's undivided one-sixteenth interest in the minerals in and under the property described, together with attorney's fees in the sum of $5,000. From judgment rejecting his demands plaintiff prosecutes this appeal.
There is no dispute as to the material facts. By conveyance of date August 22, 1949, plaintiff acquired an undivided one-eighth mineral interest in the subject tract of land, later disposing of an undivided one-sixteenth interest. At the time of acquisition the property was subject to a valid and subsisting oil, gas and mineral lease of date January 27, 1948, duly recorded in the Conveyance Records of Lincoln Parish, which lease was owned by the several defendants named in plaintiff's petition. Operations under the lease were conducted by the defendant, Southwest Gas Producing Company, Inc. Admittedly no delay rentals have been paid or tendered to plaintiff. In justification of their failure and refusal to make payment of his proportionate interest in the delay rentals to the plaintiff, defendants rely upon the following specific provision of the written instrument of lease:
"The rights of either party hereunder may be assigned in whole or in part, and the provisions hereof shall extend to the heirs, successors and assigns of the parties hereto, but no change or division in ownership of the land, rentals or royalties however accomplished shall operate to enlarge the obligations or diminish the rights of lessee; and no such change in ownership shall be binding on lessee nor impair the effectiveness of any payments made hereunder until lessee shall have been furnished, forty-five (45) days before payment is due, a certified copy of recorded instrument evidencing any transfer, inheritance, sale, or other change in ownership * * *."
No contention is made that notice of the change in ownership under which plaintiff holds his interest in the minerals or evidence of his acquisition thereof has been furnished to defendants in accordance with the above provisions.
Plaintiff answers the above ground of defense by contending that delay rentals necessary to maintain the lease in effect were paid to the parties named as lessors in the instrument of lease, despite the fact (1) that the defendant, Southwest Gas Producing Company, Inc., as operator of the lease, caused an abstract of title to be made for the purpose of preparing a royalty division order which was confected under date of February 21, 1950, which abstract included a copy of the mineral deed in favor of plaintiff; and (2) that subsequently a pooling and unitization agreement was prepared by defendants and signed, inter alia, by plaintiff.
We think the first issue has been definitely answered, contrary to plaintiff's contention, by the Supreme Court in Pearce v. Southern Natural Gas Company, 220 La. 1094, 58 So.2d 396, and Atlantic Refining *522 Company v. Shell Oil Company, 217 La. 576, 46 So.2d 907.
The opinion of the court in the Pearce case, relying upon the Atlantic Refining Company case, specifically declared (1) that a lessee is not required to take notice of public records which might show a transfer or assignment by lessor, and (2) that the very purpose of a lease provision relating to furnishing certified copies is intended to relieve the unreasonable burden of making "* * * constant examination of Conveyance Records to see what changes of ownership have taken place since the date of the lease." [220 La. 1094, 58 So.2d 398].
It should further be pointed out that in the Atlantic Refining Company case the court ordered the cancellation of the lease on the ground that the lessee misinterpreted the effect of recorded deeds of which it had taken independent notice, and failed to rely upon the terms of its contract of lease requiring delivery of certified copies evidencing changes of ownership.
Nor can we find any merit in the argument of plaintiff's counsel that the unitization agreement, circulated to the owners of mineral interests and executed by plaintiff, modified the lease provision above considered. The unitization agreement contained a provision which excepted payment of delay rentals therefrom in the following words:
"This agreement shall not be construed as pooling any delay rentals that parties of the First Part may elect to pay under the provisions of the above described lease."
Even if the unitization agreement had been completely silent as to its effect upon delay rentals, we could not construe such instrument as abrogating the specific provision of the lease agreement which constituted the contract between the parties thereto, their heirs and assigns.
The judgment appealed from is affirmed at appellant's cost.